# CIRCUIT COURT OF HANOVER COUNTY

ATG Rehab

    v.

Cynthia B. Jones,
Director,
Department of Medical
Assistance Services

October 28, 2014

Case No. CL14000689-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Petitioner's Petition for Appeal of the January 10, 2014, Final Agency Case Decision of the Director of the Department of Medical Assistance Services ("DMAS"). The parties were represented by their respective counsel at a hearing on October 10, 2014. The Court heard argument and took the matter under advisement. Following a thorough review of the briefs and the law, the Court finds as follows.

## I. *Background*

This action arises out of an audit by Xerox Audit Solutions ("Xerox") of the billing and treatment records of participating Virginia Medicaid providers of Durable Medical Equipment ("DME"). Xerox conducted a review of claims paid to ATG Rehab for DME supplied between May 5, 2010, and May 2, 2012, for motorized wheelchairs, repairs related to motorized wheelchairs, and accessories for motorized wheelchairs. Xerox reviewed all relevant records and issued a final audit report dated November 24, 2012, that alleged deficiencies with ATG Rehab's records. Xerox's audit asserted that ATG Rehab had been overpaid $295,569.80 by DMAS due to those deficiencies.

ATG Rehab requested an appeal of Xerox's determination by letter dated December 24, 2012. DMAS conducted an informal appeal, the result

of which was a reduction of the overpayment amount to $288,510.84, as stated in the June 17, 2013, decision.

ATG Rehab appealed the informal decision on July 16, 2013, and requested a formal hearing. The formal hearing was conducted on September 24, 2013, before Hearing Officer Carol S. Nance ("Hearing Officer"). The Hearing Officer affirmed $249,218.82 overpayment findings from the informal appeal in her Recommended Decision. In support of her decision, the Hearing Officer found that ATG Rehab had committed a material breach of the contract when it failed to provide essential information used to establish the specific measurements and functions of each wheelchair.

The Hearing Officer also found that each delivery of a wheelchair and/or wheelchair components requires a signature and identification of the signatory's relationship to the recipient, unless the signatory was the parent or guardian of the recipient. Based on this finding, ATG Rehab created and submitted additional information to provide the relationship to the recipient information that was missing on the previously filed proof of delivery receipts. The Hearing Officer found, however, that the regulations and the *DME Manual* prohibit the creation and revision of supporting documentation once an audit is initiated.

Finally, the Hearing Officer found that ATG Rehab failed to name four specific violations in its notice of appeal. Based on that finding, the Hearing Officer concluded that she could not consider four alleged violations, because they were not included in the two categories for appeal identified by ATG Rehab in its notice of appeal.

The Director of DMAS accepted all of the Hearing Officer's findings and issued her Final Agency Decision on February 12, 2014. ATG Rehab timely filed its notice of appeal to this Court on March 12, 2014.

## II. *Rule of Law*

The Virginia Administrative Process Act provides for the judicial review of agency decisions. *See* Va. Code § 2.2-4027. "The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." *Id.* Such review is based solely upon the agency record. *Id.*

The role of this Court is to determine whether there was substantial evidence in the agency record upon which the agency acting as trier of fact could reasonably find them to be as it did. *Id.* This Court may reverse the administrative agency's interpretation "only if the agency's construction of its regulation is arbitrary or capricious or fails to fulfill the agency's purpose as defined by its basic law." *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 161, 384 S.E.2d 622, 627 (1989) (citing *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 246, 369 S.E.2d 1, 9 (1988)). The evidence must be viewed in a way most favorable to the agency. *Carter v. Gordon*, 28 Va. App. 133, 502 S.E.2d 697 (1998).

## III. *Analysis*

### A. *Medical Necessity of DME Supplied by ATG Rehab*

The Director erred when it concluded in the Final Agency Decision that ATG Rehab did not provide sufficient documentation to prove medical necessity. DMAS had previously determined, prior to the Xerox audit, that every wheelchair provided by ATG Rehab was medically necessary during the pre-approval process. Relying on that approval, ATG Rehab constructed and furnished custom, individualized wheelchairs to each Medicaid recipient based on information supplied by ATG Rehab and reviewed and approved by DMAS. The documentation reviewed by Xerox during the audit was identical to the information previously approved by DMAS. The compelling finding of the Xerox audit, therefore, was not deficient documentation attributable to ATG Rehab, but deficiencies of the pre-approval practices of DMAS. For that reason, the Director's Final Agency Decision on the issue of proof of medical necessity was in error as a matter of law, as it denied reimbursement to ATG Rehab in an arbitrary and capricious manner.

Additionally, there is precedent in support of the conclusion that the omissions alleged here do not amount to a material breach of the provider agreement. *Sentara Enters. v. Department of Med. Assistance Servs.*, 85 Va. Cir. 338, 2012 Va. Cir. LEXIS 178 (Norfolk 2012). Virginia courts have held that ordinary contract law principles will apply to interpret these types of provider agreements. Virginia law defines a material breach of contract as "a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Horton v. Horton*, 254 Va. 111, 115, 487 S.E.2d 200, 204 (1997).

The essential purpose of the agreement in this instance was to provide medically necessary wheelchairs and related components to Virginia's Medicaid population. Documentation requirements are important to the extent that they relate to confirming the medical necessity of the services provided, but a minor deviation from a documentation requirement that has no impact whatsoever on medical necessity does not defeat the essential purpose of the contract. *Sentara Enters. v. Department of Med. Assistance Servs.*, 85 Va. Cir. 338, 348 (2012). Applying those principals to this case, it is clear that ATG Rehab substantially complied with the terms of the contract with DMAS. For that reason, the Final Agency Decision erred as a matter of law when it ruled that ATG Rehab materially breached the agreement and denied reimbursements payments to be made.

### B. *Relationship to Recipient Requirement on the Delivery Ticket*

Applying the above contract law principles of material breach, the Court finds that ATG Rehab's post-audit verification of the relationship between the signatory and the recipient substantially complies with the agreement

of the parties. In this case, the alleged breach was a mere failure to obtain the proper description of the signatory of the delivery ticket at the time of delivery, as there was no evidence that delivery of the DME was improper. Such a failure cannot be considered a material breach under Virginia law, as ATG Rehab did provide proof of delivery and there are no allegations that the DME was not delivered to the intended beneficiary. Therefore, the Final Agency Decision was in error when it found that ATG Rehab's failure to provide relationship documentation a material breach and ruled in favor of DMAS.

## C. *Post-Audit Verification of Relationship to Beneficiary*

The Court finds that the decision of DMAS not to accept the post-audit verifications submitted to it by ATG Rehab was arbitrary and capricious. DMAS argues that the "broad universe of individuals accepting on behalf of the Recipient necessitates the identification of the designee's relationship to the Medicaid patient." Response Brief, p. 21. DMAS distinguished between cases where the delivery ticket was signed by the recipient's parent and those cases where the ticket was signed by any other individual, only requiring proof of the signatory's relationship to the recipient in the second instance.

DMAS cites no law or authority in support of this distinction, which was first proposed by the Hearing Officer and later adopted by DMAS itself. Having provided no compelling rationale in support of its distinction, DMAS acted in an arbitrary and capricious manner when it refused to accept the verifications of the non-parental relationships, as it did in the instant case.

## D. *Procedural Defect of Petitioner's Notice of Appeal*

The Court finds that ATG Rehab complied with 12 VAC 30-20-560(A) when it filed its Notice of Formal Appeal. The relevant section of the Virginia Administrative Code reads as follows:

> Any provider appealing a DMAS informal appeal decision shall file a written notice of formal appeal with the DMAS Appeals Division within 30 days of the provider's receipt of the informal appeal decision. The notice of formal appeal shall identify the issues being appealed. Failure to file a written notice of formal appeal within 30 days of receipt of the informal appeal decision shall result in dismissal of the appeal.

The issue here is whether ATG Rehab's Notice of Formal Appeal properly identified the issues being appealed.

ATG Rehab's Notice of Formal Appeal specifically states that it "challenges all of the denials" from the informal appeal. More specifically, the Notice of Formal Appeal lists two separate objections to the Informal Agent's determination. First, ATG Rehab noted its objection to "all findings that question the medical necessity documentation provided for a claim." Second, ATG Rehab noted its objection to findings where "the invalidation of delivery documents [was] on the basis of inadequate signature."

The Court concludes that ATG Rehab's Notice of Formal Appeal complied with 12 VAC 30-20-560(A). The Court disagrees with DMAS's contention that portions of four appeals are outside of the scope of ATG Rehab's legal objections as identified in the Notice of Formal Appeal. Therefore, the Director's failure to consider on appeal every issue noticed in the Formal Appeal must be reversed as arbitrary and capricious.

## IV. *Conclusion*

For the reasons articulated in this letter opinion, Petitioner's Petition for Appeal is granted and the Final Agency Case Decision of the Director is reversed. ATG Rehab is awarded its costs and attorneys' fees in pursuing all aspects of this case.